IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSHUA ALLEN BOLEN, )
)
Petitioner, )
)
v. ) 1:18CV513
)
SECRETARY OF PUBLIC SAFETY, )
)
Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joshua Allen Bolen, a prisoner of the State of North Carolina, has brought a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the Petition, on February 25, 2016, in the Superior Court of Stokes County, North Carolina, Petitioner pled no contest to second degree murder and second degree arson, and was sentenced that day. Petitioner did not file any direct appeal. On March 28, 2017, Petitioner signed and submitted a document to this Court that the Court treated as a petition under 28 U.S.C. § 2254 in case 1:17CV347, but the Court dismissed that case without prejudice because Petitioner did not use the proper forms. On July 16, 2017, and November 27, 2017, Petitioner signed and submitted other documents which the Court treated similarly in cases 1:17CV662 and 1:17CV1088. Then, on December 8, 2017, Petitioner filed a Motion for Appropriate Relief in the Superior Court of Stokes County. When this was denied following an evidentiary hearing, he sought a writ of certiorari from the North Carolina Court of Appeals. That court denied the request on April 17, 2018. Finally, following other fruitless attempts at relief in the

state courts, Petitioner mailed his current Petition to this Court on what appears to be June 13, 2018.[1]  Respondent opposes the Petition with a Motion for Summary Judgment [Doc. #8].

## Petitioner's Claims

Petitioner raises a single claim for relief in his Petition.  That claim challenges his plea as invalid because the state court accepted it without complying with Rule 11 of the Federal Rules of Criminal Procedure.  In Supplements [Doc. #2, #3], he adds allegations that he is being enslaved due to a debt in violation of the Fourteenth Amendment of the United States Constitution and that he should be released because he does not agree to his incarceration.  In later filings docketed as an Amended Document [Doc. #5] and Memorandum [Doc. #6], Petitioner repeats similar claims and references his earlier cases in this Court.  Those cases also raised claims related to debts and slavery, as well as writings not related to his conviction or sentence.

## Discussion

As stated above, Respondent filed a Motion for Summary Judgment seeking denial of the Petition.  In that Motion, Respondent raises multiple arguments, one of which is that Petitioner's claims were filed outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced.  In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

---

[1] The actual date on the signature line of the petition is only partially legible, but appears to state that the mailing occurred on June 13, 2018.  Consistent with this, the envelope for the Petition bears a postmark date of June 14, 2018, and the Court received the Petition on June 18, 2018.

2

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Turning first to subparagraph (A), a Petitioner's one-year limitation period ordinarily commences under that provision on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended. Here, Petitioner filed no direct appeal. Therefore, his convictions became final, at the latest, fourteen days after the entry of his judgment, or Thursday, March 10, 2016. <u>See</u> N.C.R. App. P. 4(2). His time to file in this Court under subparagraph (A) began to run on that date and expired a year later on March 10, 2017, weeks before his first informal filing in this Court. Petitioner did later pursue collateral relief in the state courts through his Motion for Appropriate Relief in Stokes County, and it is true that properly filed attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or

3

expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner filed his Motion in Stokes County in December of 2017, well after the deadline to file in this Court already passed. State filings made after the federal limitations period expires do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Petitioner's claims are out of time under subparagraph (A) and are time-barred unless they are timely under another provision. Petitioner does not make any arguments that subparagraphs (B), (C), or (D) apply and his claims do not rely on any new Supreme Court cases or facts that could not have been known to him through reasonable diligence at the time his judgment were entered. Therefore, his Petition is untimely under § 2244(d)(1).

Petitioner opposes Respondent's assertion of the statute of limitations by stating in his Petition that the statute of limitations simply should not apply because "[t]here is no expiration date on the law." However, Petitioner gives no valid basis for his contention that the statute of limitations would not apply. He also argues that he is not trained in the law, which appears to be an argument in favor of equitable tolling. The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). However, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation omitted). Petitioner here has not shown any extraordinary circumstances. In addition, in order to demonstrate diligence, the prisoner must show diligence throughout the entire post-conviction process; waiting years to raise claims shows a lack of due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

4

Petitioner's argument is essentially that he is a layman of the law who did not understand the limitation period. However, unfamiliarity with the legal process, even in the case of an unrepresented prisoner, does not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner also argues that he was diligent in pursuing his rights, but all of his attempts at relief, including those in this Court, occurred after the expiration of the statute of limitations. This does not demonstrate diligence. In the end, Petitioner sets out no facts that would support equitable tolling or a finding of diligence on his part. Thus, Petitioner is not entitled to equitable tolling, his current Petition is out of time, and it should be dismissed.[2]

Finally, Petitioner recently filed a Motion [Doc. #16] seeking a ruling in his case. The entry of this Order and Recommendation moots that Motion, which will be denied as such.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #16] seeking a ruling in his case is denied as moot.

IT IS RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #8] be granted, that the Petition [Doc. #1] be denied, and that this action be dismissed.

This, the 2nd day of May, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[2] The Court also notes that Petitioner's claims are without merit in any event. As noted above, in his single claim in the Petition, Petitioner contends that the state court accepted his guilty plea without complying with Rule 11 of the Federal Rules of Criminal Procedure. However, the Federal Rules of Criminal Procedure do not apply to state court proceedings, and Petitioner's claim is without merit. Petitioner's additional contentions raised in his supplemental filings are also frivolous and without merit. The Court need not address these claims further, given the statute of limitations bar discussed above.